1
2
3
4
5
6
7

# JS-6

8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11

TOMAS SARINANA, JR.,

                Petitioner,

        v.

JIM MCDONNELL,

                Respondent.

12
13
14
15
16

Case No. CV 21-7900-JLS (JEM)

ORDER SUMMARILY DISMISSING
PETITION AND DENYING CERTIFICATE
OF APPEALABILITY

17
18
19
20
21
22

      On October 1, 2021, Tomas Sarinana, Jr. ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which is properly construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet.").

23

///

24

///

25

///

26

///

27
28

**PRIOR FEDERAL HABEAS PROCEEDINGS**

Petitioner has filed at least two other federal habeas petitions pertaining to the same underlying state criminal proceedings at issue in this case.[1]  See Tomas Sarinana, Jr. v. Alex Villanueva, CV 20-9629-JLS (JEM) ("Sarinana I"), and Tomas Sarinana, Jr. v. Alex Villanueva, CV 21-3780-JLS (JEM) ("Sarinana II").[2]  The Court determined that it was appropriate to abstain from adjudicating both of these petitions, and the actions were dismissed without prejudice.  (Sarinana I, ECF 28 at 5, ECF 35 at 2; Sarinana II, ECF 7 at 5.)

**STATE COURT PROCEEDINGS**

On March 25, 2016, a felony complaint was filed by the Los Angeles County District Attorney ("People") in Los Angeles County Superior Court case number KA112126 charging Petitioner with one count of murder, in violation of Cal. Penal Code § 187(a).  (Sarinana I, ECF 28 at 2.)

On November 29, 2017, Petitioner was arraigned on that complaint.  Also on that date, Petitioner waived his right to counsel and began representing himself in pro per. (Id.)

---

[1]  Petitioner also filed a habeas petition in the matter of Tomas Sarinana v. Jim McDonnell, CV 18-5921-JLS (JEM), which was summarily dismissed on August 3, 2018, because it did not pertain to the fact or duration of Petitioner's confinement but attempted to raise civil rights claims regarding the conditions of his confinement.  Those claims did not relate to those raised in his other habeas petitions.

[2]  **Error! Main Document Only.**Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus actions in this Court.  See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.") (citations omitted); accord United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

1

2          On December 14, 2017, the court appointed an investigator to assist Petitioner.

3   Petitioner then requested the appointment of a "legal runner."  On August 22, 2018, the

4   magistrate denied that request because an investigator was already appointed and "the

5   defendant is not entitled to have both an investigator and a legal runner appointed."  On

6   October 19, 2018, the magistrate appointed William Jackson as Petitioner's investigator.

7   (Id.)

8
           The preliminary examination was completed on January 29, 2019, and Petitioner
9
    was held to answer on the charge alleged in the complaint.  (Id.)
10

11         On February 13, 2019, the People filed a felony information charging Petitioner

12  with the one murder count.  (Id.)

13
           On April 2, 2019, Petitioner filed a petition for writ of mandate in the California
14
    Court of Appeal, challenging the magistrate's order.  (Id.)
15

16         On May 20, 2019, the Court of Appeal issued an alternative writ, finding that the

17  magistrate had discretion to appoint a legal runner in addition to an investigator.  The

18  Court of Appeal stated that the local rules for the Superior Court appear to give the

19  court discretion to appoint a legal runner in addition to an investigator to assist a pro per

20
    defendant.  The Court of Appeal gave the Superior Court the alternative to vacate its
21
    order denying the appointment of a legal runner and reconsider the matter.  (Id.)
22

23         On May 22, 2019, the Superior Court vacated the order denying the appointment

24  of a legal runner.  On June 11, 2019, the Superior Court appointed William Jackson to

25  serve as both investigator and legal runner for Petitioner.  (Id. at 3.)

26

27

28

1

2
       Petitioner filed a petition for writ of habeas corpus in the California Court of

3
Appeal raising the legal claims at issue here, which was denied on March 27, 2020.

4
(Id.)

5
       Petitioner filed a petition for writ of habeas corpus in the California Supreme

6
Court raising the same legal issues, which was denied on August 12, 2020.  (Id.)

7
       On April 23, 2020, Petitioner filed a habeas petition in the Superior Court, arguing

8
that the People failed to disclose exculpatory evidence prior to the preliminary hearing,

9
in violation of Brady v. Maryland, 373 U.S. 83 (1963) ("Brady").  The petition was denied

10
on August 26, 2020.  (Sarinana II, ECF 7 at 2.)

11
       On October 23, 2020, Petitioner filed a habeas petition in the California Court of

12
Appeal raising the same Brady issue, which was denied on December 4, 2020.  (Id.)

13

14
       On January 18, 2021, Petitioner filed a habeas petition in the California Supreme

15
Court raising the Brady issue, which was denied on March 24, 2021.  (Id.)

16
       Petitioner remains a pre-trial detainee pending the outcome of his criminal

17
proceedings.  (Pet. at 2.)

18
### PETITIONER'S CLAIMS

19
       Petitioner claims that his federal constitutional rights were violated when the trial

20
court suspended/revoked his pro per privileges on August 22, 2018.  (Pet. at 11-12.)

21

22

23

24

25

26

27

28

**ANALYSIS**

I.      **Duty to Screen**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts mandates the summary dismissal of a Section 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth below, the Petition should be summarily dismissed.

II.     **The Court Should Abstain From Adjudicating the Petition**

The Younger abstention doctrine forbids federal courts from interceding in ongoing state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury.  Younger v. Harris, 401 U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992).  The Younger abstention doctrine applies while a case is on appeal in the state courts.  New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989).  "Younger generally directs a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings."  Martinez v. Newport Beach City, 125 F.3d 777, 781 (9th Cir. 1997) (overruled on other grounds by Green v. City of Tucson, 255 F.3d 1086, 1093 (9th Cir. 2001)).  If Younger abstention applies, the federal court must dismiss the action.  World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1081 (9th Cir. 1987).  In the habeas context, Younger abstention promotes both the interests of comity and judicial economy.  Courts have "long recognized that in some circumstances considerations of comity and concerns for the orderly administration of

criminal justice require a federal court to forego the exercise of its habeas corpus power." Francis v. Henderson, 425 U.S. 536, 539 (1976) (citation omitted).

A federal court "must abstain under Younger if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008) (citations omitted); see also Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432-37 (1982).  Under the first Younger factor, the pendency of the state proceedings is determined at the time the federal petition is filed.  Mission Oaks Mobile Home Park v. City of Hollister, 989 F.2d 359, 360-61 (9th Cir. 1993) (overruled on other grounds by Green v. City of Tucson, 255 F.3d 1086, 1093 (9th Cir. 2001); Beltran v. California, 871 F.2d 777, 781 (9th Cir. 1988).  State proceedings are ongoing if appellate remedies have not been exhausted.  Huffman v. Pursue, Ltd., 420 U.S. 592, 609 (1975).

Application of the foregoing factors to the facts of this case compels the conclusion that the Court must abstain from considering the Petition.  First, a state-initiated proceeding is ongoing in the Superior Court, i.e., the pending criminal case against Petitioner.  It is clear on the face of the Petition that Petitioner remains a pre-trial detainee and that his state criminal proceedings and appeals have not concluded.  (See Pet. at 2-3.)  Second, prosecution of crimes is an important state interest.  See Kelly v.

Robinson, 479 U.S. 36, 49 (1986); Rose v. Mitchell, 443 U.S. 545, 585 (1979); Younger, 401 U.S. at 43-44.  Third, if Petitioner is convicted on the pending criminal charge, he has an adequate opportunity to litigate any federal constitutional issues on direct appeal or collateral review.  Fourth, if this Court grants the relief sought in the Petition, it would result in the termination of the state criminal case, which is an action that Younger disapproves.  The Younger abstention doctrine bars the Court from adjudicating Petitioner's federal claims at this time.

Accordingly, the Petition should be dismissed without prejudice.  Petitioner is again cautioned that he should not seek federal habeas review in this Court until after the state criminal case has concluded.  If he is convicted, he must exhaust all of his federal constitutional claims in the state courts on direct review and/or on habeas review before seeking habeas relief in this Court.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed without prejudice.  For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability.  See 28 U.S.C. § 2253(c)(2).

1

**ORDER**

2

3          IT IS HEREBY ORDERED that: (1) the Petition is dismissed without prejudice;

4    and (2) a certificate of appealability is denied.

5          IT IS SO ORDERED.

6

7    Dated: October 14, 2021                    _____

8                                               JOSEPHINE L. STATON
                                                UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28